**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUINTON JACKSON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:15-CR-0159-SCJ-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:19-CV-0187-SCJ-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Quinton Jackson, proceeding with counsel, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [102], Respondent's response [105], and Movant's reply [106]. For reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

## I.   Background

The grand jury for the Northern District of Georgia indicted Movant on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Indictment, ECF No. 1). Movant, represented by Allison C. Dawson, proceeded to trial, at which he was found guilty, and the Court imposed a 262-month

term of imprisonment.  (J., ECF No. 88).  Movant, represented by Mark Yuracheck, appealed, and on November 16, 2017, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  United States v. Jackson, 713 F. App'x 963, 969 (11th Cir. 2017).

Movant, again represented by Yuracheck, now seeks collateral review and raises two grounds for relief:  (1) ineffective assistance of counsel for failing to pursue a motion to suppress based on lack of probable cause to stop Movant for a tag light violation under O.C.G.A. § 40-8-23(d) and failing to object to the Magistrate Judge's finding of probable cause for the stop and (2) ineffective assistance of counsel for failing to object at sentencing to the use of prior convictions to enhance Movant's sentence under Armed Career Criminal Act (ACCA) when the prior convictions had not been seen or heard by the jury or admitted by Movant.  (Mot. to Vacate at 5, ECF No. 102).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.

2

Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]"  United States v. Frady, 456 U.S. 152, 164 (1982).  The § 2255 movant bears the burden to establish his right to collateral relief.  Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).

"Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."  Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  Thus, a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)).  That is the case here, as shown in the discussion below.

## III.   Discussion

### A.   Ineffective Assistance of Counsel on Motion to Suppress

Prior to trial, Movant filed a motion to suppress arguing, *inter alia*, that the officers lacked cause to effect the traffic stop which led to his arrest.  (Mot. to Suppress at 1, ECF No. 16).   In his post-hearing brief, Movant asserted that officers had exceeded the scope of the traffic stop but did not specifically argue that there was no probable cause to stop him based on a tag light violation.  (Def. Br. in Support of Mot. to Suppress, ECF No. 26).   The Magistrate Judge, in recommending a denial of the motion to suppress, found, *inter alia*, as follows –

> The APD officers had probable cause to stop Defendant's vehicle on the basis of their observation of a violation of Georgia traffic law, that is, inoperable tag lights.  See O.C.G.A. § 40-8-23(d) ("Either a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear.").  On August 22, 2014, between 9:00 and 9:30 p.m., Officers Romer, Munson and Moore observed Defendant Jackson driving a silver Chevy Impala sedan on Boulevard as he turned onto Angier. (Tr. at 8-9, 11, 23-24, 46-49, 98). As Defendant was driving

4

westbound on Angier, the officers followed him observing that the tag lights were not working on his vehicle and, therefore, were not illuminating the vehicle's license plate.[1]   (Tr. at 8-9, 23-24, 47- 48, 67-69).  At the intersection of Angier and Parkway, the officers activated the patrol vehicle's blue lights, and Defendant stopped shortly after turning onto Parkway. The patrol vehicle stopped eight to ten feet behind Defendant's vehicle.  (Tr. at 9-10, 25-26, 48-49, 86). These observations established a violation of O.C.G.A. § 40-8-23(d).  See Carnes v. State, 293 Ga. App. 549, 550, 667 S.E.2d 620, 621 (2008) ("'There was probable cause for the initial stop, based on the officer's observance of a traffic violation, the nonfunctioning tag light.'") (citations omitted); and see United States v. Cubillos, 2012 WL 1636175, at *3 (N.D. Ga. March 20, 2012), adopted by 1:10-CR86-RWS, Doc. 721 (N.D. Ga. May 8, 2012) (based on the officer's testimony that there was no tag light on the vehicle as required by law, he "had probable cause upon which to stop the [vehicle] for this perceived violation of Georgia law").  The traffic stop was lawfully initiated.

(R. & R. on Mot. to Suppress at 14-15, ECF No. 30).   Movant in his objections admitted that he had "violated a traffic ordinance for not having a tag light" and did not object to the above finding.  (Objs. at 2, ECF No. 35).  The Court subsequently adopted the Report and Recommendation and denied the motion to suppress.  (Order of May 10, 2016, ECF No. 44).

---

[1]Evidence showed that, during the time the officers observed that Movant's tag lights were not working or illuminating his tag (and before they activated their lights), both vehicles were on Angier and Movant's vehicle "was directly in front" of the officers' vehicle, with no cars separating them. (Tr. on Mot. to Suppress at 24-25, ECF No. 23).  Evidence shows that the officers "attended" the traffic stop when both vehicles were on Angier and the officers' vehicle was six feet behind Movant's vehicle and that Movant then turned unto Parkway and stopped.  (Id. at 48-49).

5

Following his conviction, Movant appealed and argued "that the district court erred by denying his motion to suppress because officers did not have probable cause to conduct a traffic stop based on his tag light violation." Jackson, 713 F. App'x at 963. Movant argued that probable cause for a § 40-8-23(d) stop requires officers to observe that the registration plate is not clearly visible *and* that it is not visible from a distance of fifty feet, relying on State v. Mathis, 338 Ga. App. 86, 789 S.E.2d 336 (2016), and Draper v. Reynolds, 369 F.3d 1270, 1272 (11th Cir. 2004). Opening Br. at 19, Jackson, 713 F. App'x 963, 2017 WL 2255859. Movant asserted that probable cause for a stop was absent because the government showed only that the tags were not clearly legible from a distance of approximately 383 feet (the distance when the stop was initiated, according to Movant) and did not show that the tags were not clearly legible from a distance of fifty feet. Id. at 20-23.

The Eleventh Circuit Court of Appeals found as follows –

During their patrol that night, the officers stopped a vehicle driven by Defendant because the vehicle did not have tag lights, which are lights that illuminate the license plate so that it can be seen at night.

. . .

Defendant argues that the district court erred by denying his motion to suppress because Officers Moore, Munson, and Romer lacked probable cause to believe that he had committed a traffic violation. Specifically, he

6

argues that driving with inoperable tag lights is insufficient to establish a violation under O.C.G.A. § 40-8-23(d), as the evidence must also show that his license plate was not clearly legible from 50 feet away.

. . .

Although Defendant did not challenge the constitutionality of the initial stop in his post-suppression hearing brief, the magistrate judge concluded that the officers had probable cause to stop Defendant's vehicle based on their observation that he violated O.C.G.A. § 40-8-23(d) because he had inoperable tag lights.  The magistrate judge warned Defendant that he had 14 days to file any written objections to the R&R and that he would waive his right to review if he failed to file objections.  Despite this warning, Defendant did not object to this specific finding.  To be clear, Defendant objected to several of the magistrate judge's findings–including the finding that the officers testified credibly and that there was probable cause to arrest Defendant and search his car–but he never argued that the officers lacked probable cause for the initial stop, much less that there was insufficient evidence to establish a violation of § 40-8-23(d) because the officers' testimony failed to show that his license plate was not clearly legible from 50 feet away.

Contrary to Defendant's contention, his objection challenging the magistrate judge's finding regarding the probable cause supporting the arrest did not put the district court on notice of any objection to the magistrate judge's finding that the officers had probable cause for the initial stop.  As reflected in the R&R, the initial traffic stop and Defendant's subsequent arrest were each supported by their own probable cause. Because Defendant failed to object to the magistrate judge's finding that the officers had probable cause for the vehicle stop, he waived his right to challenge this finding on appeal. . . . We therefore decline to address his argument.

7

<u>Jackson</u>, 713 F. App'x at 964, 965-67 (citations omitted). The Eleventh Circuit, in a notation, rejected Movant's contention that a § 40-8-23(d) violation requires both the lack of a tag light/illumination and that such lack be observed at a certain distance –

> Even if we exercised our discretion to review Defendant's argument for plain error, he cannot show that the district court committed error, let alone plain error. <u>See</u> 11th Cir. R. 3-1. The officers had probable cause to stop Defendant's vehicle because they observed Defendant commit a traffic violation. Georgia law requires that "[e]ither a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear." O.C.G.A. § 40-8-23. Officer Romer testified that Defendant's car did not have functioning tag lights and that his license plate could not be read. Officer Munson testified that Defendant's car "had no tag lights." The officers' testimony–which was found credible by the district court–established that Defendant committed a traffic violation under § 40-8-23(d) because his tag was not being illuminated, regardless of how far away the officers were when they observed the violation. <u>See</u> Carnes v. State, 293 Ga. App. 549, 667 S.E.2d 620, 621 (2008) ("There was probable cause for the initial stop, based on the officer's observance of a traffic violation, the nonfunctioning tag light." (quotations omitted)).

<u>Jackson</u>, 713 F. App'x at 967 n.5.

Movant now asserts that his trial counsel was ineffective for failing to pursue a motion to suppress based on lack of probable cause to stop Movant for a tag light violation under O.C.G.A. § 40-8-23(d) and for failing to object to the Magistrate Judge's finding of probable cause for the stop. (Mot. to Vacate at 5).

8

Respondent argues that Movant provides no basis upon which his counsel could have refuted the findings that the officers observed that Movant's tag lights were not working and were not illuminating the vehicle's license plate, that the observations established a violation of § 40-8-23(d), and that the officers had probable cause for a traffic stop. (Resp't Resp. at 15-16, ECF No. 105). Additionally, Respondent addresses Movant's claim as raised on direct appeal and argues that neither <u>Mathis</u> nor <u>Draper</u> support Movant's assertion that § 40-8-23(d) has both a lack of illumination element and a distance element, which must be shown to establish a violation. (Resp't Resp. at 16-20). Respondent argues that, in light of the Eleventh Circuit Court of Appeals' rejection of Movant's argument, he cannot show that there is a reasonable probability that, had counsel raised the argument at the trial level, the result of the proceeding would have been different. (<u>Id.</u> at 21).

Movant replies that the fact that he was seized without probable cause shows that he was prejudiced. (Mov't Reply at unnumbered page 14, ECF No. 106). Movant then repeats, essentially verbatim, his appellate brief and argues that the stop was unjustified because the government showed only that the tags were not clearly legible from a distance of approximately 383 feet, when the stop was initiated, and did not show that the tags were not clearly legible from a distance of fifty feet. (Mov't Reply

9

at 14-19); see Opening Br. at 18-23, Jackson, 713 F. App'x 963, 2017 WL 2255859. Movant then concludes that the Eleventh Circuit Court of Appeals was simply wrong in stating that a lack of tag lights[2] alone shows a violation of § 40-8-23(d). (Id. at 19-20). Movant does not does not directly address Respondent's argument that Mathis and Draper do not support his assertion that § 40-8-23(d) has both illumination and distance elements, which must be shown to establish a violation.

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of

---

[2]To the extent that Movant discusses the Eleventh Circuit's use of the term "tag lights[,]" the term would appear to include an actual taillight or any light placed on the vehicle so as to illuminate the tag. (See Mov't Reply at 19). The Court does not further address this matter.

AO 72A
(Rev.8/82)

professionally competent assistance." Strickland, 466 U.S. at 690. The petitioner must show that "no competent counsel would have taken the action that his counsel did take." United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotation marks omitted). Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

Under Georgia law –

Either a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear.

O.C.G.A. § 40-8-23(d). It is unlawful to drive any vehicle which is not "at all times equipped with such lights and other equipment in proper condition and adjustment as required in this chapter" or "[w]hich is equipped in any manner in violation of this chapter." O.C.G.A. § 40-8-7(b)(1)&(2). The statute imposes two, unequivocal,

11

*requirements* in regard to lighting the rear registration plate – that the plate be illuminated and that the illumination render the plate legible from a distance of fifty feet. The statute requires both, and it can be violated if either requirement is not met.

The court in <u>Draper</u> found that the officer – who observed that the tag light was out and that the tag was not clearly legible from fifty feet away – had probable cause for a § 40-8-23(d) stop. <u>Draper</u>, 369 F.3d at 1276. There is no indication that the court in <u>Draper</u> found that both observations were necessary for a valid stop. <u>See id.</u> The court in <u>Mathis</u> found "the trial court was authorized to reject the state's claim that it had evinced the underlying premise (the lack of a functioning tag light)" but, based on the trial court's indication that lack of a proper light was not alone sufficient, remanded for the trial court to consider whether the state had met its burden. <u>Mathis</u>, 338 Ga. App. at 92-95, 789 S.E.2d at 341-43. The court in <u>Mathis</u> did not find that both lack of a functioning tag light *and* observation of such at fifty feet were necessary for a valid stop. <u>See id.</u> Additionally, the undersigned is aware of no Georgia case holding that § 40-8-23(d) has an illumination and a distance element, both of which must be met to show a violation. <u>See</u> <u>Partlow v. State</u>, 346 Ga. App. 473, 479, 816 S.E.2d 474, 481 (2018) ("[I]t was for the judge to decide, based on the testimony presented and the dashcam video-recording, whether the stop was authorized due to the deputy's

observation of a traffic violation,[] i.e., a nonfunctioning tag light." (footnote omitted)); Carnes, 293 Ga. App. at 550, 667 S.E.2d at 621 ("'There was probable cause for the initial stop, based on the officer's observance of a traffic violation, the nonfunctioning tag light." (citation and internal quotation marks omitted)); Kohlmeier v. State, 289 Ga. App. 709, 711, 713, 658 S.E.2d 261, 264-65 (2008) (holding that traffic stop was valid based on officer's testimony that "he 'saw that the vehicle . . . didn't have a working tag light on the vehicle and it was dark'" (no citation provided)).

Movant fails to show that counsel was ineffective because she did not argue that probable cause for a § 40-8-23(d) stop was absent (1) because a violation requires both lack of a tag light and lack of legibility from a distance of fifty feet and (2) because the evidence showed only that the tags were not clearly legible at an approximate 383-foot distance, when the stop was initiated, and did not show that the tags were not clearly legible from a distance of fifty feet.  As a preliminary matter, Movant's suggestion that the officers initiated the stop (turned on their lights) at too great a distance (383 feet)[3] to satisfy the fifty-foot-legibility rule fails because it is factually inaccurate.  The officers observed the lack of light and legibility from a close enough distance to

---

[3]Any suggestion that observations at less than fifty feet are not sufficient is frivolous.

13

reliably find probable cause for a traffic stop, and they did not need to get either closer, or further away, to confirm their observation and initiate a traffic stop. See supra n.1.

Additionally, as indicated in the case law discussed above, there is no support for Movant's assertion that § 40-8-23(d) has both an illumination and a distance element that must be met to show a violation of § 40-8-23(d). Moreover, although the Eleventh Circuit Court of Appeals determined that Movant waived the claim, it definitively and persuasively[4] stated that "the officers' testimony–which was found credible by the district court–established that [Movant] committed a traffic violation under § 40-8-23(d) because his tag was not being illuminated, regardless of how far away the officers were when they observed the violation." Jackson, 713 F. App'x at 967 n.5. Movant fails to show that no competent counsel would have failed to pursue the claims now presented by Movant or that Movant was prejudiced by that failure.

### B.   Ineffective Assistance of Counsel at Sentencing

The presentence investigation report (PSR) reported that Movant was an Armed Career Criminal under 18 U.S.C. § 924(e) based on the following controlled substances offenses: "(1) On May 3, 2000, the defendant was convicted of Possession

---

[4]To the extent that the Eleventh Circuit's statement on the matter is dicta rather than a binding decision under Stoufflet, the Court finds the Eleventh Circuit to be persuasive.

of Cocaine With Intent to Distribute in Fulton County Superior Court, Atlanta, Georgia, Docket No. Y08812; (2) on June 15, 2001, the defendant was convicted of Possession of Cocaine With Intent to Distribute in DeKalb County Superior Court, Decatur, Georgia, Docket No. OlCRl 190; (3) and on June 23, 2006, the defendant was convicted of Possession of Cocaine With Intent to Distribute in Fulton County Superior Court, Atlanta, Georgia, Docket No. 06-SC-39046." (PSR ¶ 23, ECF No. 92). The report also noted that Movant "had additional qualifying predicate offenses" – five in total. (Id. ¶¶ 23, 29, 31-34). Movant, represented by Dawson, objected that the five prior convictions were not his. (Id. ¶¶ 23, 29, 31-34; Sentencing Tr. at 4-5, ECF No. 98).

At sentencing, after hearing extensive evidence and argument on whether the prior convictions belonged to Movant, (Sentencting Tr. at 7-58), the Court overruled Movant's objection on all five convictions, (id. at 58). Movant's guidelines range was 262 to 327 months, subject to a fifteen-year mandatory minimum under § 924(e), and Movant requested a fifteen-year sentence as being reasonable. (Id. at 114-15). The Court imposed a 262-month term of imprisonment. (Id. at 129).

In his counseled motion to vacate, Movant argues that his sentencing counsel was ineffective because she "failed to object at [Movant's] sentencing when prior

15

convictions which were not seen or heard by the jury during the presentation of evidence, nor admitted at any stage by [Movant], were used to enhance his sentence under the ACCA."  (Mot. to Vacate at 5).

Respondent argues that Movant's attempt to show that his sentencing counsel was ineffective fails because there is no requirement that ACCA qualifying felonies be charged in the indictment or proven to a jury.  (Resp't Resp. at 21-22).

In his reply, filed on March 26, 2019, Movant argues for the first time that sentencing counsel was ineffective for failing to object that the offenses that were used as ACCA predicate offenses were not serious drug offenses.  (Mov't Reply at 25-27).

Movant's claim, as raised in his motion to vacate, fails.  Movant's attempt to show that counsel was ineffective – for not challenging the use of the prior convictions on the grounds that Movant had not admitted them – fails because counsel objected that the convictions were not Movant's and, after hearing extensive evidence on the matter, the Court determined that the convictions were Movant's.  Movant's attempt to show that counsel was ineffective – for not challenging the use of prior convictions on the grounds that they had not been seen or heard by they jury – also fails because prior convictions are properly considered by the Court, without submission to the jury, in imposing sentence.  See United States v. Gonzalez, 322 F. App'x 963, 972 (11th Cir.

2009) ("Because the indictment did not have to allege and the jury did not have to find beyond a reasonable doubt that Hartsfield had the prior convictions at issue, the district court was authorized to use those convictions to enhance his sentence under § 924(e) and U.S.S.G. § 4B1.4." (citing Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); United States v. Johnson, 528 F.3d 1318, 1322 (11th Cir. 2008); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005))).

As to Movant's attempt to raise a new claim in his reply, Rule 2(b) of the Rules Governing Section 2255 Proceedings dictates that a § 2255 "motion must . . . specify all the grounds for relief available to the moving party[,]" and further, Movant, who is counseled, was specifically warned on the form § 2255 motion, "[i]f you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date." (Mot. to Vacate at 4). The new claim which Movant attempts to raise in his reply fails because he did not raise it in his initial § 2255 motion as required under federal rules and because he has not sought to amend, leaving Respondent with no opportunity to respond to the new claim. See Barnes v. United States, 12-60011-CR, 2018 WL 2770171, at *12 (S.D. Fla. Mar. 28, 2018) (declining to consider issues raised for the first time in traverse/reply to response in § 2255

17

proceedings), report and recommendation adopted, CV 16-62416-CIV, 2018 WL 2770125 (S.D. Fla. June 8, 2018).

Additionally, if Movant had moved to amend, the new claim would be untimely. As indicated above, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant on November 16, 2017, and the record does not show that Movant sought *certiorari* review in the United States Supreme Court.  Accordingly, Movant's criminal judgment became final on February 14, 2018, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on November 16, 2017, affirmed his conviction. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008).  Thus, Movant was required to file his § 2255 motion by February 14, 2019, which he did, raising a claim that sentencing counsel was ineffective for failing to object to his ACCA predicate "convictions which were not seen or heard by the jury during the presentation of evidence, nor admitted at any stage by [Movant.]"[5]  (Mot. to Vacate at 5).  Movant's claim that counsel was ineffective for failing to argue that the prior convictions did not

---

[5]Movant's claims were presented by counsel, and the Court does not apply liberal construction.

qualify as serious drug offenses is new and was untimely filed on March 16, 2019, over a month after the federal limitations period expired.

Further, the new claim does not relate back to an original timely filed claim. In order for an otherwise untimely claim to relate back, "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)). Movant's new claim involves different facts – the detail and nature of his prior offenses and the relevant statutory language pertaining to his convictions under Georgia law – than are involved or discussed in regard to Movant's initial, timely, claim. See Ali v. United States, CV 14-7723 (NLH), 2018 WL 4693962, at *9 (D. N.J. Sept. 28, 2018) ("The operative facts that would be utilized to support an argument regarding his predicate offenses would consist of the detail and nature of his prior offenses, as well as the relevant statutory language utilized in New Jersey to sustain such convictions. These facts differ from those outlined in the Petition to support Petitioner's ineffective assistance of sentencing . . . counsel."). Accordingly, Movant's second ground for relief fails.

## IV.    Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

20

It is recommended that a COA is unwarranted because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."   Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [102] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 29th day of April, 2019.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

21