**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

QUINTON JACKSON,
Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

CRIMINAL ACTION NO.
1:15-CR-0159-SCJ

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 107]. Movant has filed his objections in response to the R&R. [Doc. 109].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

A jury of this Court found Movant guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court imposed a 262-month sentence of incarceration that was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Movant, appealed, and the Eleventh

AO 72A
(Rev.8/82)

Circuit affirmed Movant's conviction and sentence. United States v. Jackson, 713 F. App'x 963, 969 (11th Cir. 2017). Movant then filed the pending § 2255 motion raising two grounds of ineffective assistance of counsel.

As is discussed in much more detail in the R&R, the record shows that police arrested Movant after a traffic stop for failing to have a light that properly illuminated his license plate. Movant's trial counsel filed a motion to suppress but failed to argue that the police lacked probable cause to initiate the traffic stop. The Magistrate Judge concluded that the police did have probable cause to initiate the stop under O.C.G.A. § 40-8-23(d) ("Either a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear."). Movant, through counsel failed to object to that conclusion, and when Movant raised that issue in his appeal, the Eleventh Circuit held that because Movant "failed to object to the magistrate judge's finding that the officers had probable cause for the vehicle stop, he waived his right to challenge this finding on appeal." Jackson, 713 F. App'x at 967. In his first ground for relief, Movant contends that his trial counsel was ineffective in failing to object to the Magistrate Judge's conclusion.

In the R&R, the Magistrate Judge concludes that Movant has failed to demonstrate that he is entitled to relief. According to Movant, in order for police to

AO 72A
(Rev.8/82)

have probable cause to stop him for a violation of Georgia's tag light law, O.C.G.A. § 40-8-23(d), the police would have had to determine both (1) that the vehicle lacked a tag light and (2) that the license plate was not clearly legible from a distance of fifty feet. Movant contends that the police initiated the stop from over three hundred feet from Movant's vehicle and thus they lacked probable cause because they could not have made the second observation.

The Magistrate Judge first determined that Movant's argument regarding the requirements of § 40-8-23(d), is not supported by the case law. The Magistrate Judge also found that Movant's contention that the police initiated the traffic stop after observing the license plate from a distance greater than fifty feet was factually inaccurate.

The Magistrate Judge additionally held, in the alternative, that, based on the Eleventh Circuit's conclusion that "the officers' testimony—which was found credible by the district court—established that [Movant] committed a traffic violation under § 40-8-23(d) because his tag was not being illuminated, regardless of how far away the officers were when they observed the violation," Jackson, 713 F. App'x at 967 n.5, Movant cannot demonstrate prejudice to establish his ineffective assistance claim.

In his next ground for relief, Movant claims that trial counsel was ineffective in failing to properly challenge his sentence enhancement under the ACCA. In

AO 72A
(Rev.8/82)

recommending the ACCA enhancement, the presentence investigation report noted that Movant had been convicted three times—on May 3, 2000, June 15, 2001, and June 23, 2006—of possession of cocaine with intent to distribute and that Movant had additional qualifying predicate offenses. Petitioner's trial counsel objected on the ground that he was not the defendant in those cases. After hearing evidence, this Court overruled the objection.

In his § 2255 motion, in challenging the ACCA enhancement, Movant raises a claim under the Apprendi v. New Jersey, 530 U.S. 466 (2000), line of cases that generally hold that any factor that increases a sentence must be either admitted by the defendant or tried to a jury. However, as the Magistrate Judge noted, Apprendi and its progeny does not apply to ACCA enhancements. See United States v. Gonzalez, 322 F. App'x 963, 972 (11th Cir. 2009) ("Because the indictment did not have to allege and the jury did not have to find beyond a reasonable doubt that [defendant] had the prior convictions at issue, the district court was authorized to use those convictions to enhance his sentence under § 924(e) and U.S.S.G. § 4B1.4.") (citing Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); United States v. Johnson, 528 F.3d 1318, 1322 (11th Cir. 2008); and United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005)). The Magistrate Judge further concluded that Movant's claim, which first appeared in his reply memorandum, that trial counsel was ineffective

AO 72A
(Rev.8/82)

for failing to argue that the prior convictions did not qualify as serious drug offenses under the ACCA, is procedurally barred because he did not raise the claim in his § 2255 motion, and the claim is untimely.

In his objections, Movant objects only to the Magistrate Judge's conclusion with respect to the claim that trial counsel was ineffective in failing to argue that the police lacked probable cause to initiate the traffic stop. Movant provides a rather technical argument that his interpretation of O.C.G.A. § 40-8-23 is correct by analogizing to Crooks v. Harrelson, 282 U.S. 55 (1930), in which the Supreme Court analyzed the language of a provision of the Revenue Act. Basically, Movant contends that the word "and" in the statute means that a violation O.C.G.A. § 40-8-23 would require a finding that both elements of the statute had been violated.

This Court would credit Movant's argument but for the fact that the record demonstrates that there was no tag light (or the tag light was burned out) on Movant's car on the night that he was arrested. This Court reads the elements of § 40-8-23 to mean that (1) there must be a light, and (2) the light must be of sufficient strength to illuminate the license plate so that it is legible from fifty feet. If there is no light, the police are free to make the perfectly reasonable judgment that the license plate would not be legible in dark conditions at any distance of more than a few feet.



AO 72A
(Rev.8/82)

Having reviewed the record, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 107], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 102], is **DENIED**. The Clerk is **DIRECTED** to close Civil Case Number 1:19-CV-0187-SCJ.

This Court further agrees with the Magistrate Judge that (1) "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and no hearing is required, and (2) Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 11th day of June, 2019.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)